IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CROSSFIT, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS TOMLO, JR., individually and doing business as BLUE RIDGE CROSSFIT and BLUE RIDGE FITNESS,<br><br>    Defendants. | CIVIL ACTION NO. 1:25-cv-337 |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CrossFit, LLC ("CrossFit"), for its Complaint against Defendants Thomas Tomlo, Jr., individually and doing business as "Blue Ridge CrossFit" and "Blue Ridge Fitness" respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action for willful violations of CrossFit's intellectual property rights, including trademark infringement, false designation of origin, trademark dilution, and unfair competition, arising out of Defendants' intentional and unauthorized use of the federally registered CrossFit® trademark. Despite numerous written communications from CrossFit demanding that Defendants cease their infringement of the CrossFit® mark, Defendants continue to use the CrossFit® mark without authorization. Defendants' conduct has caused irreparable harm to CrossFit and will continue to cause irreparable harm unless Defendants' unlawful use of the CrossFit® mark is immediately and permanently enjoined.

## PARTIES

2. Plaintiff CrossFit, LLC is a Delaware limited liability company with a principal

place of business in Prescott, Arizona.

3. Upon information and belief, Defendant Thomas Tomlo, Jr. is the owner of a fitness center with a principal place of business located at 21 B Design Building, Fletcher, Buncombe County, North Carolina doing business as "Blue Ridge CrossFit" and/or "Blue Ridge Fitness." Upon information and belief, all conduct of Defendants as alleged herein was undertaken at the direction and control of and under the supervision of Defendant Tomlo.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (jurisdiction over Lanham Act claims), 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338 (claims related to trademarks and unfair competition). This Court also has jurisdiction over the state and common law claims alleged herein pursuant to 28 U.S.C. §1367(a) (supplemental jurisdiction). CrossFit's state and common law claims are so related to the federal claims that they form part of the same case or controversy.

5. This Court has personal jurisdiction over Defendants because, upon information and belief, they reside and conduct business in the State of North Carolina.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because, upon information and belief, Defendants' principal place of business is in this judicial district. In addition, a substantial part of the events or omissions giving rise to CrossFit's claims occurred and continue to occur in this judicial district.

**FACTUAL ALLEGATIONS**

**A. CrossFit**

7. Developed in the early 1980s, CrossFit is a famous fitness training and lifestyle brand that is applied to goods and services intended to help individuals improve their physical well-being and cardiovascular fitness in an encouraging environment.

8. The training style that CrossFit incorporates into CrossFit®-branded fitness training, "constantly varied functional movements preformed at relatively high intensity," is known as "high-intensity interval training" ("HIIT") and "functional fitness." These functional movements translate into everyday activities for all ages and abilities, such as picking keys off the floor, standing up, or placing household items on a shelf.

9. In addition to its community-focused fitness training services, CrossFit sells products and offers numerous additional services under the CrossFit® brand.

10. CrossFit also owns and operates the "CrossFit Games®," the world's largest participatory fitness competition. Over 340,000 athletes participated in the first stage of the 2024 CrossFit Games competition.

11. Over the last three decades, CrossFit has worked diligently and invested substantial resources in promoting CrossFit®-branded goods and services, including, especially, the credentialing of trainers. CrossFit's hard work has paid off. CrossFit estimates that millions of people around the world engage in CrossFit®-branded training, in most cases in a CrossFit®-branded facility. These CrossFit athletes train at over 12,000 CrossFit-licensed gyms located in more than 150 countries. The CrossFit Games®, which are broadcast on ESPN and live-streamed on other social media channels, draw tens of millions of viewers. CrossFit's websites average nearly 80 million hits each year.

**B.    CrossFit's Intellectual Property**

12. CrossFit's careful cultivation, maintenance, and protection of its intellectual property rights has enabled CrossFit to amass considerable goodwill. Consumers readily and singularly associate the CrossFit name with CrossFit's fitness training services offered by credentialed trainers through licensed facilities.

3

13. The "CrossFit" name is widely recognized throughout the United States and around the world.

14. The CrossFit brand is an indicator of well-trained instructors, properly insured facilities, and access to a community of athletes competing both on a daily basis and annually through the CrossFit Games®.

15. CrossFit diligently protects its intellectual property through, *inter alia*, trademark registration.

16. CrossFit owns numerous trademark and service mark registrations for the word mark "CrossFit," including registrations for fitness training, charitable fundraising, scientific research relating to exercise and human performance, entertainment services (e.g., videos and podcasts), apparel, and footwear.

17. CrossFit's exclusive ownership of the CrossFit® mark for gyms and fitness classes is memorialized in U.S. Registration No. 3,007,458. A true and correct copy of U.S. Registration No. 3,007,458 (Oct. 18, 2005) is attached hereto as **Exhibit A**.

18. Because CrossFit has continuously used the CrossFit® mark for gyms and fitness classes in commerce for more than five consecutive years after the date of its registration, the CrossFit® mark is "incontestable" as defined in 15 U.S.C. §1065.

    **C.    Use of the CrossFit® Mark by CrossFit-Licensed Gyms**

19. CrossFit offers a nationally standardized certificate program to personal trainers who desire to teach CrossFit® classes or own and operate a CrossFit-licensed gym (commonly referred to as "boxes" or "affiliates").

20. Individuals who successfully complete CrossFit's certificate program and meet other requirements for affiliation are eligible to enter into annually renewable affiliate license

4

agreements, which permit limited use of the CrossFit® mark subject to various conditions, including payment of an annual fee.

21. Only individuals who have completed CrossFit's certificate process and have entered into valid affiliate license agreements are permitted to use the CrossFit® mark in connection with fitness training.

### D. Defendants

22. Upon information and belief, Defendant Tomlo is the owner of a fitness center with a principal place of business located at 21 B Design Building, Fletcher, North Carolina doing business as "Blue Ridge CrossFit" and/or "Blue Ridge Fitness."

23. Upon information and belief, the fitness services offered by Defendants are like the fitness services offered under the CrossFit® mark by licensed CrossFit affiliates, including licensed CrossFit affiliates in and around Fletcher, North Carolina.

24. Upon information and belief, Defendants target the same consumers as those targeted by CrossFit's licensed affiliates.

### E. Defendant's Affiliate Agreement with CrossFit Terminates

25. Defendant Tomlo entered into an affiliate agreement with CrossFit in 2009. Under the agreement, CrossFit licensed to Tomlo the right to use the CrossFit® mark in the name of Defendants' fitness facility, "Blue Ridge CrossFit," during the term of the agreement.

26. In exchange for these valuable rights, Tomlo agreed to pay an annual fee to CrossFit and to comply with the terms and conditions set forth in the agreement.

27. Tomlo's affiliate agreement terminated on or about August 30, 2024.

### F. Defendants' Willful Infringement

28. Because Tomlo's affiliate agreement terminated, Defendants are no longer authorized to use the CrossFit® mark.

29. Nevertheless, Defendants intentionally, and without permission, continue to use the CrossFit® mark to offer and promote its fitness services.

30. Moreover, at all relevant times, Defendants have been fully aware of CrossFit's prior use, ownership, and registration of the CrossFit® mark.

31. On May 17 and 27, 2025 and various dates thereafter, CrossFit contacted Defendants through email and identified specific uses of the CrossFit® mark by Defendants that must stop (providing, among other things, URL addresses for specific unlawful uses of the mark).

32. Despite CrossFit contacting and advising Defendants that their failure to comply with demands to cease and desist from unauthorized use of the CrossFit® mark would result in CrossFit taking legal action against Defendants. Although Defendants took some remedial steps, they did not fully comply with CrossFit's demands.

33. Defendants intentionally, and without permission, continue to use the CrossFit® mark to offer and promote their fitness services, including continuing to display the CrossFit® mark in promotion of their business and services. Among other things:

- Defendants' Class Pass site (https://classpass.com/studios/blue-ridge-crossfit-fletcher) includes graphics featuring the CrossFit® mark in connection with fitness services:



- Defendants continue to use the CrossFit Mark in signage outside the fitness facility as shown below:



34. Since at least 2009, Defendants have been fully aware of CrossFit's prior use, ownership, and registration of the CrossFit® mark.

35. Nevertheless, Defendants used and continue to use the CrossFit® mark for fitness services without lawful purpose and without authorization, such that continued unauthorized use is in bad faith.

36. Defendants' unauthorized use of the CrossFit® mark for fitness services deceptively misleads consumers into believing that Defendants' facility is an official licensee and affiliate of CrossFit. In addition, Defendants' use of the CrossFit® mark creates the false impression that CrossFit endorses or otherwise approves of the services provided by Defendants. Defendants are engaging in their ongoing, unlawful conduct to profit by trading off CrossFit's substantial reputation and goodwill.

37. Defendants' unlawful use of the CrossFit® mark for fitness services has and is likely to continue to cause confusion as to the source, sponsorship, or affiliation of those services. If not enjoined, Defendants' unlawful conduct will continue to harm the goodwill and reputation that CrossFit has carefully cultivated at great labor and expense.

## CAUSES OF ACTION

### COUNT ONE
### (Trademark Infringement—15 U.S.C. §§1114 and 1125)

38. CrossFit repeats and realleges the allegations of paragraphs 1-37 set forth above.

39. CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

40. Defendants are using the CrossFit® mark in commerce in connection with the sale, offer for sale, and advertising of their fitness services without authorization from CrossFit.

41. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association regarding Defendants and their services, on the one hand, and CrossFit and its services, on the other hand.

42. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

43. Defendants' use of the CrossFit® mark constitutes infringement of CrossFit's incontestable federal trademark registration.

44. Defendants have acted knowingly and willfully in total disregard for CrossFit's valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's goodwill and reputation.

45. As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

46. Defendants' blatant attempt to confuse the consuming public is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

47. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. §1117.

## COUNT TWO
**(False Designation of Origin and Unfair Competition—15 U.S.C. §1125)**

48. CrossFit repeats and realleges the allegations of paragraphs 1-47 set forth above.

49. CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

50. Defendants are using the CrossFit® mark in commerce in connection with the sale, offer for sale, and advertising of their fitness services without authorization from CrossFit.

51. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association regarding Defendants and their services, on the one hand, and CrossFit and its services, on the other hand.

52. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

53. Defendants have acted knowingly and willfully in total disregard for CrossFit's valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's goodwill and reputation.

54. As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

55. Defendants' blatant attempt to confuse the consuming public and to unfairly compete with licensed CrossFit affiliates is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

56. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. §1117.

## COUNT THREE
### (Trademark Dilution—15 U.S.C. §1125(c))

57. CrossFit repeats and realleges the allegations of paragraphs 1-56 set forth above.

58. For decades, CrossFit has made substantial investments in the marketing, promotion, and advertising of its fitness program and lifestyle brand. As a result, today, the CrossFit® mark is instantly recognizable and distinctive in the fitness industry. The CrossFit® mark is a "famous" mark.

59. Defendants' unauthorized use of the famous CrossFit® mark dilutes the distinctive quality of the CrossFit® mark and the capacity of the CrossFit® mark to identify and distinguish CrossFit's services.

60. As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

61. Defendants' blatant attempt to confuse the consuming public is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

62. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. §1117.

## COUNT FOUR
### (Trademark Infringement and Unfair Competition—Common Law of North Carolina)

63. CrossFit repeats and realleges the allegations of paragraphs 1-62 set forth above.

64. CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

65. Defendants are using the CrossFit® mark in commerce in connection with the sale, offer for sale, and advertising of their fitness services without authorization from CrossFit.

66. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association regarding Defendants and their services, on the one hand, and CrossFit and its services, on the other hand.

67. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

68. Defendants' use of the CrossFit® mark constitutes infringement of CrossFit's rights in the CrossFit® mark.

69. Defendants have acted knowingly and willfully in total disregard for CrossFit's valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's goodwill and reputation.

70. As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

71. Defendants' blatant attempt to confuse the consuming public and to unfairly compete with licensed CrossFit affiliates is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

**COUNT FIVE**
**(North Carolina's Unfair and Deceptive Trade Practices Act – Chapter 75)**

72. CrossFit repeats and realleges the allegations of paragraphs 1-71 set forth above.

73. As alleged herein, Defendants have been fully aware of CrossFit's prior use, ownership, and registration of the CrossFit® mark, as well as aware that Defendants' continued use of the CrossFit® mark for fitness services is in bad faith, absent lawful purpose or authorization.

74. The Defendants are actively engaged in trade or commerce within the State of North Carolina, including, without limitation, operating a fitness center and offering fitness-related services. As such, Defendants' conduct was in or affecting "commerce" within the meaning of Chapter 75 of the North Carolina General Statutes.

75. Defendants are "persons" within the meaning of Chapter 75 of the North Carolina General Statutes.

76. Defendants have engaged in deceptive and unfair trade practices in connection with their unauthorized use of CrossFit's intellectual property, which has caused or is likely to cause consumer confusion, misunderstanding, mistake, or deception as to the source, sponsorship, approval, or certification of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

77. Defendants have engaged in deceptive and unfair trade practices in connection with their unauthorized use of CrossFit's intellectual property, which has caused or is likely to cause consumer confusion, misunderstanding, mistake, or deception as to affiliation, connection or association with, or certification of Defendants' services by CrossFit.

78. Defendants' deceptive and unfair trade practices as alleged herein have caused CrossFit actual damages as well as damage to CrossFit's goodwill, brand, intellectual property rights, and reputation, and unless enjoined will continue to result in actual and other damages to CrossFit.

79. Defendants' conduct improperly sought to further their own interests at the expense of CrossFit, and were unfair, deceptive and violative of public policy.

80. Defendants' actions were unfair, immoral, unethical, oppressive and/or unscrupulous within the meaning of Chapter 75 of the North Carolina General Statutes.

81. Defendants' conduct as described herein offends public policy as it has been established by statutes, the common law, or otherwise – in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and/or causes substantial injury to consumers.

82. Defendants willfully and knowingly violated North Carolina's Unfair and Deceptive Trade Practices Act, including but not limited to N.C.G.S. § 75-1.1 by the above-described conduct and therefore CrossFit is entitled to statutory treble damages plus attorney's fees pursuant to N.C.G.S. §§ 75-16 and 75-16.1.

## **PRAYER FOR RELIEF**

WHEREFORE, CrossFit requests the following relief:

a. Entry of judgment in CrossFit's favor on all claims herein;

b. Preliminary and permanent injunctions preventing Defendants and those additional parties specified in Rule 65(d) of the Federal Rules of Civil Procedure from using the CrossFit® mark or any similar mark in connection with the sale, offering for sale, or marketing of fitness training services;

c. Preliminary and permanent injunctions preventing Defendants and those additional parties specified in Rule 65(d) of the Federal Rules of Civil Procedure from unfairly competing with CrossFit or

  licensed CrossFit affiliates through their use of the CrossFit® mark or any similar mark;

d.  An accounting of profits and damages resulting from Defendants' trademark infringement, false designation of origin, and unfair competition;

e.  An award to CrossFit of: (i) an amount equal to the actual damages suffered by CrossFit as a result of Defendants' infringement of the CrossFit® mark; (ii) an amount equal to the profits earned by Defendants as a result of their infringement of the CrossFit® mark; and/or (iii) an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement and/or the Defendants' willful and knowing violation of North Carolina's Unfair and Deceptive Trade Practices Act;

f.  In the alternative, as may be elected by CrossFit, permission to recover statutory damages rather than actual damages and profits as provided in 15 U.S.C. §1117 and/or Chapter 75 of the North Carolina General Statutes;

g.  An award of pre- and post-judgment interest;

h.  An award ordering Defendants to pay CrossFit's attorney's fees because this is an "exceptional" case under 15 U.S.C. §1117 and/or pursuant to N.C.G.S. § 75-16.1; and

i.  Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

CrossFit hereby demands a jury trial on all issues triable as of right to a jury.

h.  An award ordering Defendants to pay CrossFit's attorney's fees because this is an "exceptional" case under 15 U.S.C. §1117 and/or pursuant to N.C.G.S. § 75-16.1; and

i.  Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

CrossFit hereby demands a jury trial on all issues triable as of right to a jury.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**

By:  /s/ *Jason M. Fedo*
Jason M. Fedo, N.C. State Bar No. 53115
E-Mail: fedoj@gtlaw.com
777 South Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone:  (561) 650-7900
Facsimile:  (561) 655-6222

DATED: September 30, 2025            *Counsel for Plaintiff CrossFit, LLC*

## VERIFICATION

I, Marshall Brenner, hereby verify under oath that: (1) I am the duly appointed General Counsel of CrossFit, LLC; (2) I have read the Verified Complaint and have been duly authorized by CrossFit, LLC to sign this Verified Complaint on its behalf; (3) the allegations of fact stated in the Verified Complaint are based upon my personal knowledge and CrossFit, LLC's books and records maintained in the normal course and operation of its business, which are known to me to be true, except as to those allegations of fact based upon information and belief, which I believe to be true.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26th DAY OF SEPTEMBER 2025.**

/s/ [signature]
Marshall Brenner
General Counsel, CrossFit, LLC
Duly Authorized